**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
-----------------------------------------------------------------x
**JESUS LINARES,**

                      **Plaintiff,**                           **MEMORANDUM**
                                                               **AND ORDER**

      -against-

                                                                           **08-CV-3243 (RRM)**

**LARRY RICHARDS, et al.,**

                      **Defendants.**
-----------------------------------------------------------------x

**ROANNE L. MANN, UNITED STATES MAGISTRATE JUDGE:**

       The Court is in receipt of defendants' so-called "First Motion for Extension of Time to Complete Discovery," ECF Docket Entry ("D.E.") #56, filed September 27, 2010.[1] For the following reasons, the request is denied.

       First, defendants' application does not comply with this Court's Individual Rules, which require, *inter alia*, that the applicant first consult with opposing counsel and specify whether the application is on consent or opposed.[2]

---

[1] Although entitled "First Motion" to extend discovery, the current motion is in fact the *sixth* such motion filed either by defendants or jointly on the parties' behalf. See First Motion for Extension of Time (Feb. 3, 2010), D.E. #45; First [sic] Motion [etc.] (Mar. 15, 2010), D.E. #48; Third Motion [etc.] (May 14, 2010), D.E. #50; Second [sic] Motion [etc.] (July 15, 2010), D.E. #52; Letter [etc.] (Sept. 3, 2010), D.E. #54. Despite repeated reminders from the Court, see, e.g., Endorsed Order (July 15, 2010), D.E. #53; Endorsed Order (Mar. 16, 2010), D.E. #49, defense counsel persists in mischaracterizing the number of times this Court has received (and granted) requests to extend discovery.

[2] Specifically, pursuant to Individual Rule II(E), which was discussed at the Court's initial conference with the parties:

(continued…)

Second, in granting the parties' fourth extension request (until September 15, 2010), the Court warned the parties that this was "the final extension." Endorsed Order, D.E. #53.

Third, although the Court subsequently granted a three-week extension, due to defendant Richards' back problems, see Endorsed Order (Sept. 7, 2010), D.E. #55, the Court did so in response to an application that was supported by a letter from Richards' treating physician, summarizing his diagnosis (lumbar radiculopathy) and prognosticating that Richards would be able to testify "after the next 4-6 weeks . . . ." Letter of Jeffrey J. Miller, D.O., dated August 6, 2010, attached to Letter, D.E. #54 at 5. Defendants' latest request is unsupported by any medical documentation, and rests solely on defense counsel's assertion that

---

[2](…continued)

> All requests for adjournments or extensions of time must be in writing and filed by ECF and should not be made unless the applicant has first consulted with all other parties. All requests for adjournments or extensions of time must state (1) the original date, (2) the number of previous requests for adjournment or extension, (3) whether these previous requests were granted or denied, and (4) whether the other parties to the action consent to or oppose the request. If the requested adjournment or extension affects any other scheduled dates, a proposed revised scheduling order must be included.
>
> . . . . Requests for extensions of discovery deadlines must be made by letter application, and, in addition to the requirements specified above, must contain a description of discovery taken thus far, the additional discovery required, and the time needed to complete discovery.

Richards' "condition has not improved."  Certification of Robert W. Keddie, III, Esq. ¶ 2 (Sept. 27, 2010) ("Keddie Cert."), D.E. #56-1.

Finally, even if this Court were inclined to defer the deposition of defendant Richards, the defense proffers no basis whatsoever for extending *all* discovery for ninety days, until December 29, 2010.  See generally Keddie Cert.

Accordingly, defendants' request is denied.  Consistent with the Court's Endorsed Orders of July 15, 2010, D.E. #53, and September 7, 2010, D.E. #55, discovery ends on October 5, 2010, and requests for a premotion conference are due by October 13, 2010.

**SO ORDERED.**

**Dated:**  **Brooklyn, New York**
**September 30, 2010**

                                                     **ROANNE L. MANN**
                                                   **UNITED STATES MAGISTRATE JUDGE**